IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TREVOR BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF EAST POINT, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-6176-TWT |

**OPINION AND ORDER**

This is a civil rights case. It is before the Court on Defendant City of East Point's Motion to Dismiss for Failure to State a Claim [Doc. 11], Defendant Tyrese Cordell Petrekovich's Motion to Dismiss for Failure to State a Claim [Doc. 16], and Defendant Petrokovich's Motion to Dismiss [Doc. 21 & 22]. For the reasons stated below, Defendant Petrokovich's Motion to Dismiss [Doc. 21 & 22] is GRANTED and Defendant City of East Point's Motion to Dismiss for Failure to State a Claim [Doc. 11], Defendant Petrokovich's Motion to Dismiss for Failure to State a Claim [Doc. 16] are DENIED as moot.

**I. Background**[1]

This is a Section 1983 action stemming from an alleged unlawful arrest. In September 2023, Trevor Brown was present in Atlanta, Georgia and sought

[1] The Court accepts the facts as alleged in the Amended Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

to make new friends in the area. (Am. Compl. ¶ 1-2 [Doc. 9]). In his efforts to do so, he received a message on Grindr by an individual to meet at a nearby park, located in East Point, Georgia. (*Id.* ¶¶ 2-3, 26). Upon arriving at the park during normal operating hours, Brown walked toward the meeting location and was approved by Defendant Petrokovich, a police officer for Defendant City of East Point. (*Id.* ¶¶ 4-5). Brown was then immediately arrested. (*Id.* ¶ 5).

Brown was confused as to why he was being arrested as he was walking in the park legally. (*Id.* ¶¶ 6-7). He had not been asked or encouraged to leave the park at any time before he was arrested. (*Id.* ¶ 8). Nor was he aware of any information that would have led Brown to believe that he should not have been in the park or that he was engaged in criminal conduct. (*Id.*). Nonetheless, the Defendants towed Brown's car, jailed Brown, held him for hours, and charged him with an unspecified crime. (*Id.* ¶¶ 9-11). After he hired an attorney, the case was resolved in Brown's favor more than a year after the incident. (*Id.* ¶¶ 1, 10-11).

Because of these events, Brown suffered mental and emotional pain and humiliation by his treatment by the Defendants. (*Id.* ¶ 12). As a result of these injuries, Brown filed suit against the Defendants in the Superior Court of Fulton County, seeking damages, injunctive relief, and declaratory relief under 42 U.S.C. § 1983 for a deprivation of his constitutional rights. (*See* Compl., at

1 [Doc. 1-1]). Within the Amended Complaint, Brown first alleges that the Defendants violated his First Amendment rights because, he claims, they arrested him and others because of his use of Grindr and any negative perceptions they may have regarding Brown's sexual orientation. (Am. Compl. ¶¶ 23-27). He also alleges First Amendment violations related to the Defendants' actions of harassing and arresting people who use social media applications that are perceived to be tied to individuals who are homosexual, like Grindr. (*Id.* ¶ 38). This, Brown states, creates a chilling effect as the Defendants seek to intimate and deter Brown or any other individual from using Grindr. (*Id.* ¶¶ 38-39). Separate from the First Amendment violations, Brown also alleges Fourth Amendment violations tied to his alleged wrongful arrest and malicious prosecution. (*See id.* ¶¶ 41-49). In addition, he alleges that the Defendants are liable under state law for assault, battery, false arrest, and malicious prosecution and seeks the imposition of punitive damages for the Defendants' overall conduct. (*See id.* ¶¶ 50-58).

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant City of East Point filed a Notice of Removal with the Court under federal question jurisdiction.[2] (*See generally* Notice of Removal [Doc. 1]). After Brown amended

---

[2] Defendant City of East Point properly removed the action alone as Defendant Petrekovich had not been served in the matter. (*See id.* ¶ 5).

the Complaint, the Defendants moved to dismiss the Complaint for failure to state a claim. (*See generally* Def. City of East Point's Mot. to Dismiss for Failure to State a Claim [Doc. 11]; Def. Petrekovich's Mot. to Dismiss for Failure to State a Claim [Doc. 16]). As the Court considered the Defendants' motions, Defendant Petrekovich filed a Suggestion of Death, informing the Court that Brown died in November 2025 and that, as of the date of the filing, Brown had no estate created within any of the counties within the division. (*See generally* Def. Petrekovich's Suggestion of Death [Doc. 14]).

Two days later, the Court entered an Order granting the Plaintiff's representative 90 days to move to substitute a proper plaintiff in place of Brown and stayed the action until March 11, 2026, or until the Plaintiff's representative filed a motion to substitute party, whichever occurred first. (*See generally* Suggestion of Death Order [Doc. 15]). The Plaintiff's representative never did so by the deadline. Defendant Petrekovich now moves to dismiss the suit in its entirety for his failure to do so. (*See generally* Def. Petrekovich's Mot. to Dismiss [Doc. 21]; Def. Petrekovich's Corrected Mot. to Dismiss [Doc. 22]). Because dismissal is proper under Federal Rule of Civil Procedure 25, the Court need not address the remaining motions.

## II. Legal Standard

Federal Rule of Civil Procedure 25 applies when, "after the action is

instituted, a party dies, becomes incompetent, or transfers his interest, or if a public officer who is a party is succeeded in office by someone else." *Burns v. Phillips*, 50 F.R.D. 187 (N.D. Ga. 1970) (citation omitted); *See* Fed. R. Civ. P. 25. The Rule provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). The motion for substitution may be made "by any party or by the decedent's successor or representative." *Id.* If no motion is made "within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed." *Id.* (emphasis added).

## III. Discussion

The analysis necessary under Rule 25 is straightforward. Brown died in November 2025 and the Court granted the Plaintiff's representative 90 days from the date of its Order to substitute a proper party in place of Brown. In order to avoid dismissal of the action under Rule 25, a party must make a motion for substitution "within 90 days after *service* of a statement noting the death." Fed. R. Civ. P. 25(a)(1) (emphasis added). Thus, the relevant inquiry is whether 90 days have elapsed since the requirements for service have been met.

Rule 25 provides that a statement noting death "must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R.

Civ. P. 25(a)(3). Where a party has died, the Eleventh Circuit has stated that a "decedent's surviving family members do not need to be served with a suggestion of death unless they represent the decedent's estate" despite the Rule's provision for nonparty service. *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 872, 876 (11th Cir. 2022). The Eleventh Circuit clarifies that the Rule's provision for nonparty service instead encourages the existing parties "to promptly identify which—if any—nonparties have the legal authority to step into the decedent's position in the case." *Id.* It is only when these nonparties are identified and served can the 90-day timer begin. *Id.*

The Eleventh Circuit goes further and explains that Rule 25's provision for service of nonparties applies only to the successors or representatives of the decedent party as only they may move for substitution. *Id.* Any party seeking to serve a suggestion of death must look to state law to determine who the legal successor or representative is for the decedent party. *Id.* Where the decedent party lacks an identifiable successor or representative and no family member has any remaining legal interest, service is unnecessary for the substitution period to begin. *See id.* at 876-77.

Here, Defendant Petrekovich represents to the Court that no estate has been set up for Brown in any county within the Atlanta Division of the Northern District of Georgia or in Berkley County, South Carolina (where

Brown's father resides). (*See* Br. in Supp. of Def. Petrekovich's Mot. to Dismiss, at 2-3 [Doc. 22]). Accordingly, Brown has no successors or representatives. In addition, no family member of Brown has any stake in the lawsuit as the alleged constitutional harms are limited to Brown as set forth within the Amended Complaint. Thus, the 90-day period provided by the Court applies to Brown's claims because the evidence before the Court shows that Brown's claims lack a successor. Accordingly, because no motion for substitution has been filed in compliance with Rule 25(a)(1), the Court should dismiss the Amended Complaint.[3]

## IV. Conclusion

For the foregoing reasons, Defendant Petrokovich's Motion to Dismiss [Doc. 21 & 22] is GRANTED and Defendant City of East Point's Motion to Dismiss for Failure to State a Claim [Doc. 11], Defendant Petrokovich's Motion to Dismiss for Failure to State a Claim [Doc. 16] are DENIED as moot. The Clerk is directed to enter judgment and close the case.

---

[3] Even if a family member somehow maintained a legal interest in the lawsuit, Defendant Petrekovich already served Brown's father and niece on January 9, 2026 and January 2, 2026, respectively, out of an abundance of caution. (*See generally* Aff. of Service on Tichinia Graham [Doc. 17]; Aff. of Service on Joseph Jerome Brown, Sr. [Doc. 19]). If the Court runs the 90-day period from these dates of service, dismissal would still be proper because no motions for substitution have been made on the docket at all, much less by April 9, 2026. Therefore, the Court would reach the same conclusion.

SO ORDERED, this 25th day of August, 2026.

THOMAS W. THRASH, JR.
United States District Judge